**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

UNITED STATES OF AMERICA

v.                                                          NO. 2:05cr62

TAMMY R. DAVISON,

        Defendant.

### ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Court held a hearing on March 1, 2006, on the United States Government's Motion to Detain the defendant.  The Court FINDS that the following facts mandate the defendant's detention pending his trial.

On May 5, 2005, a federal grand jury issued an indictment,[1] charging the defendant with one count of uttering and possession counterfeit securities, in violation of 18 U.S.C. §§ 513(a) & 2; one count of larceny of government property, in violation of 18 U.S.C. §§ 641 & 2, and two counts of bad checks, in violation of 18 U.S.C. §§ 7 &13, assimilating Va. Code §§ 18.2-181 & 181.1.  The Government moved for detention on the basis that the defendant posed a flight risk and a danger to the community, but the Court

---

[1] The Court notes that the defendant was also charged in a Criminal Information with one count of uttering, a Class 6 felony, in violation of 18 U.S.C. §§ 7 &13, assimilating Va. Code § 18.2-181.  The defendant indicated her intent to waive the preliminary hearing as to this charge, but the Court dismissed this charge without prejudice on the Government's motion.

notes that the charges against the defendant do not give rise to a rebuttable presumption of detention. See 18 U.S.C. § 3142(e).

Both parties proceeded by proffer of evidence and offered argument. The Court, having taken into consideration the proffers of counsel, the pretrial services report, and the grand jury indictment, FINDS by a preponderance of the evidence that the defendant represents a risk of flight. The Court further FINDS that there is no condition or combination of conditions that will reasonably assure the defendant's appearance for future proceedings.

The Government's proffer indicates that an arrest warrant was issued for the defendant following her failure to appear for an initial appearance after the indictment on May 5, 2005. The Government had apparently made informal arrangements with the defendant, in lieu of executing the warrant, to secure her appearance in November 2005, but the defendant had failed to appear in court at the agreed upon time and never made any efforts to reappear. According to the Government, the defendant was located and arrested on February 28, 2006, after she had secured employment. The Government's proffer indicates that the defendant has an extensive criminal history, including a failure to appear, and has previously been charged with and has used false names, all of which make her a risk of flight. The defendant's proffer conceded that the defendant had failed to appear as agreed with the Government, but argued that she did not actively seek to hide ands

2

that she had lived in the same residence and worked at the same job until October 2005. The defendant further argued that the explanation for her alleged use of false names was that she had been married twice.

The Court considered the nature and seriousness of the charges faced by the defendant. If convicted upon evidence beyond a reasonable doubt, the defendant faces up to thirty years in prison and a fine of over $500,000, which the Court deems serious. The Court also notes that the defendant's criminal history includes multiple larcenies, forgeries and other offenses of a similar nature.

The weight of the evidence against the defendant is strong. The Court notes, however, there appears to be some equivocation in the Government's proof of the specific amounts of alleged counterfeit checks as stated in the Indictment.

The Court next considered the personal history and characteristics of the defendant. The defendant does have ties to the local community, since she currently lives with her fiancee, Jesse Wilson, and eighteen-month old daughter in Norfolk, Virginia, and she claims to have lived with Mr. Wilson in Norfolk, Virginia since June 2004, until her arrest in February 2006. The defendant has two other children, an eleven-year-old son who is in the custody of the defendant's mother, and a sixteen-year-old daughter who is in the custody of the defendant's sister. According to the pretrial services report, the defendant states that she has no

assets, she receives approximately $725 monthly in assisted-lived income, and she pays approximately $500 in monthly expenses, which represents one-half of the household expenses. The defendant stated that she was employed full-time from June 2005 to December 2005, earning $7.75 per hour, and apparently she had secured employment through a temporary employment agency when she was arrested on her first day of work. The Court notes that while Mr. Wilson has agreed to serve as a third-party custodian, and would allow the defendant to continue to reside with him, he apparently was unwilling to co-sign an unsecured bond for the defendant's release. While Mr. Wilson is apparently employed full-time, the Court is dubious about the defendant's ability to survive and care for her child without having to work outside the home. The Court is unwilling to release the defendant in the care of Mr. Wilson because he apparently does not have a land-line telephone connection, and thus would be unable at present to arrange for electronic monitoring.

The defendant's criminal history is extensive and reveals a series of misdemeanor and felony charges and convictions from 1988. The defendant's history includes at least eight misdemeanor convictions, including use of a false name and contempt of court, five felony convictions, including failure to appear and other charges similar to those charged here. The Court also notes that the defendant failed to appear to face the current charges despite being given an opportunity to cooperate with the government.

The Court considers the defendant to be a risk of flight given her multiple criminal convictions for using a false identity and for contempt of court, and her failure to appear as ordered in the past. To the extent that this Court may consider past conduct to be indicative of future behavior, the defendant's apparent history of past recidivism taken together with the more recent allegations of illegal activity, clearly suggest that, if released, she would not like appear to face the charges against her. Despite having ties to the local community, the defendant has no assets and her ability to support herself and her child appears limited at best. Under present circumstances, the defendant is not a suitable candidate for third-party custodianship, which would require, as a minimum, electronic monitoring of her whereabouts.

In view of the facts as set forth above, the Court FINDS by a preponderance of the evidence that the defendant represents a risk of flight. The Court further FINDS that no condition or combination of conditions will reasonably assure the appearance of the defendant.

The Court, therefore, ORDERS the defendant DETAINED pending his trial. See 18 U.S.C. § 3142(e) and (f); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991); United States v. Araneda, 899 F.2d 368, 370 (5th Cir. 1990); United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987); United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985).

Consequently, the Court further ORDERS the defendant committed

to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this order to (I) the United States Attorney at Norfolk, (ii) the United States Marshal at Norfolk, (iii) the United States Pretrial Services Office at Norfolk, and (iv) counsel of record for the defendant.

                                                                 /s/
                                        F. Bradford Stillman
                                        United States Magistrate Judge

Norfolk, Virginia

March 3, 2006